UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL CARONA, et al., ) <br> ) <br> Defendants. ) <br> ) <br> _____ ) | CASE NO. SACR 06-0224 AG <br><br> ORDER DENYING MOTION OF MICHAEL S. CARONA TO DISMISS COUNTS FIVE AND SIX FOR VAGUENESS |

Before the Court is the Motion of Defendant Michael Carona ("Defendant") to Dismiss Counts Five and Six for Vagueness ("Motion"). After considering the moving, opposing, and reply papers, and oral argument by the parties, the Court DENIES the Motion.

**BACKGROUND**

On January 30, 2008, a Grand Jury returned a ten-count Second Superseding Indictment ("SSI") against Defendant. The SSI charges Defendant with honest services mail fraud, bribery, and two counts of witness tampering. Defendant here moves to dismiss the two witness

tampering counts, arguing that those counts in the indictment lack the detail required to satisfy Fed. R. Crim P. 7(c)(1), the Fifth Amendment, and the Sixth Amendment.

**LEGAL STANDARD**

The Sixth Amendment to the United States Constitution requires that persons accused of crimes be informed of "the nature and cause of the accusation" against them. The Fifth Amendment provides that "[n]o person shall be held to answer for . . . [an] infamous crime, unless on a presentment or indictment of a Grand Jury." And Federal Rule of Criminal Procedure 7(c)(1) states that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

An indictment is sufficient if it provides the "substantial safeguards" to criminal defendants that indictments are designed to guarantee. *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979) (quoting *Russell v. United States*, 369 U.S. 749, 763 (1962)). An indictment must adequately describe the charges to enable the defendant "to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge." *Id.* To perform these functions, "the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged." *Id.*; *Hamling v. United States*, 418 U.S. 87, 117-118 (1974); *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982); *United States v. Markee*, 425 F.2d 1043, 1047-48 (9th Cir. 1970).

**ANALYSIS**

### 1. COUNT FIVE OF THE SSI

Count Five of the SSI charges Defendant with violating 18 U.S.C. § 1512(b)(1), which criminalizes witness tampering when the defendant "knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding." Count Five of the SSI alleges:

> From on or about March 17, 2004, through on or about August 13, 2007, in Orange County, within the Central District of California, defendant CARONA knowingly and willfully did corruptly persuade and attempt to corruptly persuade Haidl, with intent to influence Haidl to testify falsely, and to prevent him from testifying truthfully, in an official proceeding, before members of a Federal Grand Jury investigating bribery, honest services fraud, and related offenses.

(SSI ¶ 21.) Thus, Count Five tracks the language of the statute and adds four factual details that: (1) the acts occurred between March 2004 and August 2007; (2) the acts occurred in the Central District of California; (3) the target of the corrupt persuasion was Don Haidl; and (4) the proceeding where Haidl was to testify falsely was a Grand Jury investigation. The Court finds that this level of factual detail in the indictment provides the "substantial safeguards" to Defendant that an indictment is supposed to guarantee, and that Count Five need not be dismissed.

Defendant argues that this case is similar to *Cecil*, 608 F.2d at 1296, where the Ninth Circuit found an indictment charging drug conspiracies to be impermissibly vague. That court noted that "[a]side from tracking the language of the pertinent statutes in setting out the elements of the offenses," the indictment specified only (1) that the conspiracies occurred in Arizona,

3

1  Mexico, and elsewhere; (2) the names of some of the alleged co-conspirators; and (3) that the
2  conspiracies occurred "beginning on or before July, 1975, and continuing thereafter until on or
3  after October, 1975." *Id.* at 1295-96.  The court found that an indictment with such a lack of
4  factual particularity failed to provide the required safeguards to the defendant's constitutional
5  rights.  *Id.* at 1297.  But the *Cecil* case is distinguishable from the case at hand.  In *Cecil*, much
6  of the factual detail in the indictment did not limit the reach of the indictment in any way.  For
7  example, an allegation that a conspiracy occurred in "Arizona, Mexico, and elsewhere" is
8  essentially an allegation that the conspiracy occurred "anywhere."  Similarly, an allegation that a
9  conspiracy occurred "beginning on or before July, 1975, and continuing thereafter until on or
10 after October, 1975," is essentially an allegation that the conspiracy occurred "at anytime."  In
11 contrast, in this case, the indictment alleges specifically that the witness tampering occurred in
12 the Central District of California between March 2004 and August 2007.

13       The indictment in this case is more similar to those found to be sufficiently particular in
14 *United States v. Parlavecchio*, 903 F. Supp. 788 (D.N.J. 1995), and *United States v. Tallant*, 407
15 F. Supp. 878 (N.D. Ga. 1975).  In *Parlavecchio*, the defendant, like Defendant here, was charged
16 with obstruction of justice.  The indictment tracked the language of the relevant statute and
17 added only three factual details: (1) that the crime took place on or about March 17, 1995; (2)
18 that the charge was directed at a grand jury investigation in the United States District Court for
19 the District of New Jersey; and (3) that the crime took place in the District of New Jersey.  In
20 *Tallant*, the indictment charging the defendant with obstruction of justice alleged that the
21 defendant "corruptly influenced, obstructed and impeded and endeavored to influence, obstruct
22 and impede (an S.E.C. proceeding) . . . in that [he] caused certain stockholder ledger records of
23 Preferred Land Corporation to be falsified and presented them to [the S.E.C.]" *Id.* at 888.  The
24 indictment did not specify "the persons [the defendant] caused to falsify the entries, the time and
25 date and the manner in which the entries were falsified, and where or on which of the 7,000
26 pages of ledger entries the falsifications appear[ed]." *Id.*  Those indictments, though lacking in
27 much factual particularity, satisfied the requirements of a valid indictment.
28

In this case, like in *Parlavecchio* and *Tallant*, the SSI contains enough particularity to survive a motion to dismiss. It sets forth the elements of the offense charged and contains a statement of facts sufficient to inform Defendant of the charge against him. Accordingly, the Motion is DENIED as to Count Five of the SSI.

### 2. COUNT SIX OF THE SSI

Count Six of the SSI charges Defendant with violating 18 U.S.C. § 1512(b)(2), which criminalizes witness tampering when the defendant "knowingly uses intimidation, threatens or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . cause or induce any person to . . . withhold testimony, or withhold a record, document, or other object, from an official proceeding." The SSI alleges:

> On or about August 13, 2007, in Orange County, within the Central District of California, defendant CARONA met with Haidl and, in a tape-recorded conversation, defendant CARONA knowingly and willfully, did corruptly persuade and attempt to corruptly persuade Haidl to withhold testimony through, among other ways, the use of false and misleading statements, with intent to cause and induce Haidl to withhold testimony in an official proceeding, before members of a Federal Grand Jury investigating bribery, honest services fraud, and related offenses.

(SSI ¶ 23.)

Defendant contends that this count of the SSI is also impermissibly vague. Defendant argues that because the August 13 meeting "lasted some three and a half hours, during which Carona made dozens of statements," the SSI should have identified which particular statements by Defendant were false and misleading. (Motion 6:2-12.) Defendant has misread Count Six. Defendant reads Count Six as alleging that Defendant used false and misleading statements to persuade Haidl to withhold testimony. The better reading, according to the grammar of the count and the context of this case, is that Count Six alleges that Defendant attempted to persuade

5

Haidl to use false and misleading statements. Under this reading of the count, Defendant's arguments that the indictment should identify the false statements made by Defendant are moot – Count Six does not allege that Defendant made false statements. Also, under this reading, Count Six is adequately specific to enable Defendant to prepare his defense, to ensure that Defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the Court of the facts alleged so that it can determine the sufficiency of the charge.

Defendant argues in his Reply that even if this Court accepts the Government's reading of Count Six, the wording of the count is ambiguous enough that the Court should examine the Grand Jury testimony to determine how the members of the Grand Jury understood the charge. The Court agrees.

The language in Count Six of the SSI is regrettably vague. As discussed, one of the goals of an indictment is to ensure that a defendant is prosecuted on charges presented to a Grand Jury. *See Cecil*, 608 F.2d at 1296. It would be improper for Defendant to be charged under one reading of Count Six if the Grand Jury read the count another way. Accordingly, the Court will inspect the Grand Jury testimony concerning Count Six to verify how the Grand Jury understood Count Six. If the Grand Jury understood Count Six as the Court does, the count need not be dismissed for vagueness. If the Grand Jury understood Count Six as Defendant does, the Court will consider Defendant's vagueness argument based on Count Six's failure to identify what statements were false. At this time, the Motion is DENIED without prejudice as to Count Six of the SSI.

Defendant also argues in his Reply that if the Grand Jury understood Count Six the way the Court does, Count Six should be dismissed because it charges conduct that does not violate the code section cited. Because this argument was not raised until the Reply, and because the Government has not had an adequate chance to respond, the Court will not address this argument now.

**CONCLUSION**

Defendant's Motion is DENIED.

IT IS SO ORDERED.

DATED: May 2, 2008

                                                         _____

                                                            Andrew J. Guilford

                                                        United States District Judge