Brian A. Sun (State Bar No. 089410)
basun@jonesday.com
John D. Cline (State Bar No. 237759)
jcline@jonesday.com
Jeffrey M. Rawitz (State Bar No. 145529)
jrawitz@jonesday.com
Christina Coates (State Bar No. 206062)
ccoates@jonesday.com
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, CA  90071-2300
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

Attorneys for Defendant
MICHAEL S. CARONA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL S. CARONA,<br><br>Defendant. | Case No. SA CR 06-224 (AG)<br><br>**MOTION OF MICHAEL S. CARONA FOR RELEASE PENDING APPEAL; MEMORANDUM IN SUPPORT; DECLARATION OF COURTNEY CHAVEZ**<br><br>**Date:  April 27, 2009**<br>**Time: 2:30 p.m.**<br>**Courtroom:  10D** |

1  TO PLAINTIFF UNITED STATES OF AMERICA AND TO ITS COUNSEL OF

2  RECORD HEREIN:

3      PLEASE TAKE NOTICE THAT on April 27, 2009, at 2:30 p.m. or as soon

4  thereafter as the matter may be heard, in the courtroom of the Honorable Andrew

5  Guilford, United States District Judge, defendant Michael S. Carona will move and

6  does hereby move under 18 U.S.C. § 3143(b) for an Order releasing him pending

7  appeal on the current terms.  This motion is based on the attached memorandum of

8  points and authorities, the files and records of this case, and any oral argument or

9  evidence that the Court may allow.

10  Dated:  April 17, 2009                    Respectfully submitted,

11                                            JONES DAY

12

13                                            By:_____/s/_____

14                                                Jeffrey M. Rawitz

15                                            Attorneys for Defendant
                                              MICHAEL S. CARONA

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              MOTION OF MICHAEL S. CARONA FOR
                                              RELEASE PENDING APPEAL
                                              CASE NO. SA CR 06-224 (AG)

# TABLE OF CONTENTS

**PAGE**

ARGUMENT .................................................................................................. 1

    I.      FLIGHT RISK AND DANGER ............................................................ 2

    II.     DELAY ............................................................................................... 2

    III.   SUBSTANTIAL QUESTION ............................................................... 2

CONCLUSION ............................................................................................... 8

MOTION OF MICHAEL S. CARONA FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)

# TABLE OF AUTHORITIES

**Page**

## <u>Cases</u>

*Continental Insurance Co. v. Superior Court of Los Angeles County,*
   32 Cal. App. 4th 94, 37 Cal. Rptr. 2d 843 (1995) .................................................. 6

*Corley v. United States,*
   2009 U.S. LEXIS 2512 (Apr. 6, 2009) ........................................................ 6, 7, 8

*Midwest Motor Sports v. Arctic Cat Sales, Inc.,*
   347 F.3d 693 (8th Cir. 2003) ................................................................................ 4

*United States v. Bowman,*
   279 F. Supp. 2d 1239 (N.D. Ala. 2003),
   *vacated as moot,* 2003 U.S. Dist. LEXIS 24817 (N.D. Ala. Sept. 12, 2003) ........ 4

*United States v. Giancola,*
   754 F.2d 898 (11th Cir. 1985) .............................................................................. 3

*United States v. Hammad,*
   858 F.2d 834 (2d Cir. 1988) ................................................................................. 4

*United States v. Handy,*
   761 F.2d 1279 (9th Cir. 1985) ..................................................................... 1, 2, 3

*United States v. Pollard,*
   778 F.2d 1177 (6th Cir. 1985) .............................................................................. 2

*United States v. Powe,*
   9 F.3d 68 (9th Cir. 1993) ..................................................................................... 4

*United States v. Samango,*
   607 F.2d 884 (9th Cir. 1979) ............................................................................... 8

*United States v. Talao,*
   1999 U.S. Dist. LEXIS 10871 (N.D. Cal. June 17, 1999) ..................................... 5

## <u>Statutes</u>

18 U.S.C. § 1512(b)(1) ................................................................................................ 7

18 U.S.C. § 1512(b)(2)(A) .................................................................................. 1, 7, 8

18 U.S.C. § 3143 ........................................................................................................ 1

18 U.S.C. § 3143(a) .................................................................................................... 2

18 U.S.C. § 3143(b) .......................................................................................... 2, 3, 8, 9

18 U.S.C. § 3143(b)(1)(A) .......................................................................................... 1

18 U.S.C. § 3143(b)(1)(B) ...................................................................................... 1, 2

MOTION OF MICHAEL S. CARONA FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)

**TABLE OF AUTHORITIES**
(continued)

**Page**

18 U.S.C. § 3501(a) ................................................................... 6, 7, 8

18 U.S.C. § 3501(c) ......................................................................... 7

28 U.S.C. § 530B ............................................................................ 3

**Rules**

Cal. Rules of Prof. Conduct, Rule 2-100 ....................................... 3, 4, 5, 6

Fed. R. Crim. P. 5(a) ....................................................................... 6

Fed. R. Evid. 807 ............................................................................. 5

**Other Authorities**

Mickadeit, Frank, *Sen. Stevens Case Has Carona Connection*,
   Orange County Register, Apr. 9, 2009 ...................................... 6

## MEMORANDUM IN SUPPORT

The Court should permit defendant Michael S. Carona to remain on his current conditions of release pending appeal under 18 U.S.C. § 3143. Carona has demonstrated since this case began that he is not a flight risk. He poses no danger to the community. And, as we demonstrate below, he intends to present issues on appeal that present a substantial likelihood of success, including (among others) issues arising from the government attorneys' improper contact with Carona on August 13, 2007 through cooperating witness Don Haidl, issues based on the government's decision to charge Carona's alleged efforts to persuade Haidl to lie under 18 U.S.C. § 1512(b)(2)(A), and the government's conduct before the grand jury. Each of these issues, if decided in Carona's favor on appeal, would result in reversal of his conviction. 18 U.S.C. § 3143(b)(1)(B).

Because Carona satisfies the requirements for release set forth in § 3143, the Court should permit him to remain on his current conditions pending appeal to the Ninth Circuit.

## ARGUMENT

Under the Bail Reform Act of 1984, the district court must release a defendant pending appeal if it makes three findings. First, the court must find that the defendant will not flee or pose a danger to the community if the court grants bail. *See* 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that "the appeal is not for the purpose of delay." *Id.* § 3143(b)(1)(B). Third, the court must find that the appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, "a sentence that does not include a term of imprisonment," or "a reduced sentence to a term of imprisonment less than . . . the expected duration of the appeal process." *Id.* § 3143(b)(1)(B); *see, e.g., United States v. Handy*, 761 F.2d 1279, 1281 (9th Cir. 1985).

1  **I.     FLIGHT RISK AND DANGER.**

2       The first finding does not appear to be in dispute.[1]  Carona clearly is not

3  likely to flee.  He has strong ties to Orange County, having resided here with his

4  family for many years.  He has made every court appearance since this case began.

5  And the non-violent nature of the offense of conviction, together with the letters to

6  the Court in connection with sentencing, make clear that Carona presents no danger

7  to the community.[2]

8  **II.    DELAY.**

9       As to the second finding under § 3143(b), there is no dispute that Carona's

10  appeal is not "for purposes of delay."  *E.g.*, G. Br. 2.  Carona, who has maintained

11  his innocence throughout this process, will present to the Ninth Circuit the

12  significant issues that this Court decided adversely to him during and after trial.  He

13  has ordered and received the trial transcripts.  He has every intention of proceeding

14  promptly with his appeal.

15  **III.   SUBSTANTIAL QUESTION.**

16       As the government appears to recognize (*e.g.*, G. Br. 3), the Court must focus

17  on whether the appeal will present "a substantial question of law or fact" that, if

18  decided in Carona's favor, will result in reversal of his conviction.  18 U.S.C.

19  § 3143(b)(1)(B).  The "substantial question" standard "does not require the district

20  court to find that it committed reversible error."  *United States v. Pollard*, 778 F.2d

21  1177, 1181-82 (6th Cir. 1985); *see, e.g., Handy*, 761 F.2d at 1281 (same).  As the

22  ─────────────
23       [1] Although the government is unwilling to concede anything in this case, its recent brief concerning release pending appeal comes close to conceding (and
24  appropriately so) that Carona satisfies the flight risk and danger components of the release pending appeal standard.  Government's Bench Brief Re:  Bail Pending
25  Appeal at 2 (Doc. 626, filed Apr. 15, 2009) ["G. Br."].

26       [2] By releasing Carona pending sentencing under 18 U.S.C. § 3143(a), the
27  Court has determined that, under the current conditions of release, he is not likely to flee or pose a danger to any other person or the community.  The Court's
28  determination following the verdict applies equally following sentencing.

MEMO ISO CARONA MOTION FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)

1    Eleventh Circuit explained, "We . . . are unwilling to attribute to Congress the
2    intention to deny bail pending appeal unless a district court judge found that he or
3    she had committed error but was obstinately unwilling to grant a new trial or other
4    relief to correct the error." *United States v. Giancola*, 754 F.2d 898, 900 (11th Cir.
5    1985).

6         The Ninth Circuit has held that a "substantial question" is one that is "fairly
7    debatable" or "fairly doubtful." *Handy*, 761 F.2d at 1283 (quotations omitted). The
8    court of appeals thus has declared that "a 'substantial question' is one of more
9    substance than would be necessary to a finding that it was not frivolous." *Id.*
10   (quotation omitted).

11        Carona expects to present on appeal at least three sets of issues that present
12   "substantial questions" under § 3143(b). Because we have briefed and argued these
13   issues extensively and the Court has grappled with them in written opinions, we
14   merely summarize them here. We are confident that the Court believes it decided
15   these issues correctly, and we have the greatest respect for the effort the Court has
16   devoted to them. Nonetheless, the issues are, at a minimum, "fairly debatable."

17        First, Carona will present issues arising from the government's violation of
18   the McDade Amendment (28 U.S.C. § 530B) and Rule 2-100 of the California
19   Rules of Professional Conduct.[3] Carona sought a variety of remedies for the
20   government attorneys' unethical conduct, including suppression of Carona's
21   statements during the August 13, 2007 meeting with Haidl; an instruction that the
22   jury could consider the government's violation of Rule 2-100 in assessing the
23   weight of the improperly obtained statements; and the opportunity to present
24   evidence to the jury of the government attorneys' misconduct.

25        The Court rejected each of those remedies. Docs. 196, 348, 413, 477. In

26   _____

27        [3] For pleadings and orders concerning the issues arising from the improper
     communication with Carona, see, *e.g.*, Docs. 65, 79, 91, 196, 264, 299, 348, 388,
28   401, 413, 441, 477.

MEMO ISO CARONA MOTION FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)

1   addition, over Carona's vigorous objection, *e.g.*, T. 12/30/08 at 19-28, the Court

2   gave an instruction on the government's use of undercover informants that the jury

3   could only have understood as approving the improper contact with Carona, Doc.

4   545 at 20; T. 1/6/09 (Vol. 1) at 24-25.[4]

5        It is at least "fairly debatable" whether the Court should have suppressed

6   Carona's August 13 statements as a remedy for the government's violation of the

7   McDade Amendment and Rule 2-100.  The Ninth Circuit has recognized that "a

8   court is empowered to exclude evidence obtained in violation of [Rule 2-100]."

9   *United States v. Powe*, 9 F.3d 68, 69 (9th Cir. 1993); *see, e.g., United States v.*

10  *Hammad*, 858 F.2d 834, 840-42 (2d Cir. 1988) (suppression remedy under

11  appropriate circumstances for violation of no-contact rule).  Other courts have

12  suppressed statements obtained in violation of the no-contact rule.  *See, e.g.,*

13  *Midwest Motor Sports v. Arctic Cat Sales, Inc.*, 347 F.3d 693, 698-700 (8th Cir.

14  2003) (upholding exclusion in a civil case of statements obtained in violation of the

15  rule); *United States v. Bowman*, 277 F. Supp. 2d 1239, 1243 (N.D. Ala. 2003) ("The

16  Court concludes that Ms. Pensara's conversations with the Bowmans were not

17  authorized by law.  The statements made by the Bowmans were thus procured in

18  derogation of the Rule.  The suppression of those statements will deter similar

19  violations in the future."), *vacated as moot*, 2003 U.S. Dist. LEXIS 24817 (N.D.

20  Ala. Sept. 12, 2003).

21       It is also at least "fairly debatable" whether the Court should have instructed

22

---

[4] That instruction, captioned "Government's Use of Undercover Informants,"
23  stated: "You have heard testimony from Donald Haidl, who acted as an undercover
24  informant for the government and particpated in making undercover recordings of
defendant during the government's investigation of this case.  Although the law
25  does impose some limitation upon the use of such tactics, law enforcement is not
26  precluded from engaging in stealth and deception, such as the use of informants, in
order to apprehend persons who have engaged in criminal activities.  In this regard,
27  the government may utilize a broad range of schemes and ploys to ferret out
28  criminal activity." Doc. 545 at 20; *see* T. 1/6/09 (Vol. 1) at 24-25.

MEMO ISO CARONA MOTION FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)

1  the jury that it could consider the government attorneys' misconduct in assessing the

2  weight to give Carona's August 13 statements.  Judge Vaughn Walker of the

3  Northern District of California decided to give such an instruction after finding

4  suppression inappropriate for a violation of Rule 2-100.  *United States v. Talao*,

5  1999 U.S. Dist. LEXIS 10871, at *21-*22 (N.D. Cal. June 17, 1999), *rev'd on other*

6  *grounds*, 222 F.3d 1133 (9th Cir. 2000).  And it is at least "fairly debatable"

7  whether the Court--having rejected each of Carona's requested remedies for the

8  government's improper conduct and excluded evidence of that misconduct--should

9  have given the government's "informant" instruction, over our objection.  We have

10  not found any case in which a court found a violation of the no-contact rule,

11  declined to suppress the resulting statement or inform the jury of the misconduct,

12  and then--over objection--gave an instruction that appeared to approve the very

13  conduct found to be improper.

14          The government contends that Carona has obtained two remedies for the

15  prosecutors' unethical conduct:  admission of the exculpatory portions of the

16  August 13 tape and State Bar disciplinary proceedings.  *E.g.*, G. Br. 6 n.2;

17  Government's Response to Pre-Sentence Report and Government's Position Re:

18  Sentencing for Defendant Michael Carona at 30 & n.21 (Doc. 623, filed Apr. 10,

19  2009).  The government is wrong on both points.  The Court's order admitting

20  exculpatory portions of the August 13 tape relies solely on Fed. R. Evid. 807.  Doc.

21  459 at 2 ("Defendant Carona has made numerous arguments supporting the use of

22  the exculpatory statements.  Since the Court is persuaded by the argument under

23  Federal Rule of Evidence 807, it does not address other arguments.").  Given that

24  the Court found the exculpatory statements admissible under Rule 807, their

25  admission cannot be a remedy for the prosecutors' misconduct.  It is no remedy to

26  admit evidence that is otherwise admissible in any event.

27          Nor has the State Bar afforded any remedy for the violation.  To date, we are

28

1  unaware of any disciplinary action taken by the State Bar on this matter.[5]  After all

2  these months without action, it is exceedingly unlikely that the Bar proceedings will

3  produce any remedy.[6]

4      A recent decision of the Supreme Court underscores the significance of the

5  remedy issue.  In *Corley v. United States*, 2009 U.S. LEXIS 2512 (Apr. 6, 2009),

6  the government argued that 18 U.S.C. § 3501(a) entirely supplants the so-called

7  *McNabb-Mallory* rule, under which a court generally must suppress even an

8  otherwise voluntary confession if the government violates the prompt presentment

9  requirement of Fed. R. Crim. P. 5(a).  The Supreme Court rejected the government's

10  position.  It noted that it "counts heavily against the position of the United States

11  that it would leave the Rule 5 presentment requirement without any teeth, for as the

12  Government again is forced to admit, if there is no *McNabb-Mallory* there no

13  apparent remedy for delay in presentment."  2009 U.S. LEXIS 2512, at *31.

14  Similarly here, as matters now stand, "there is no apparent remedy" for the

15  government's violation of Rule 2-100--a rule designed to protect represented

16  persons against the precise harm that Carona suffered here.[7]

---

17     [5] Counsel for Carona are filing concurrently under seal a letter from the State

18  Bar relevant to this issue.

19     [6] According to a portion of a letter from the DOJ Office of Professional

20  Responsibility ("OPR") that the prosecutors leaked to the press (but thus far have

refused to provide the defense), the DOJ does not intend to take any internal steps

21  to remedy the ethical violation that the Court found.  *See* Frank Mickadeit, *Sen.*

22  *Stevens Case Has Carona Connection*, Orange County Register, Apr. 9, 2009

(according to Mickadeit, the OPR concluded that the prosecutors "did not violate or

23  act in reckless disregard of any clear and unambiguous standard of professional

24  conduct. "  OPR further concluded that the prosecutors "did not exercise poor

judgement" and "acted appropriately under the circumstances").  *See* Declaration of

25  Courtney Chavez at ¶ 2 and Exh. A attached thereto.

26     [7] As the California Court of Appeal has declared, "one of the reasons for the

ethical rule barring ex parte communication is to prevent injurious disclosures."

27  *Continental Insurance Co. v. Superior Court of Los Angeles County*, 32 Cal. App.

28  4th 94, 112, 37 Cal. Rptr. 2d 843, 853-54 (1995).

1    For all of these reasons, the issues concerning the appropriate remedy for the

2    government attorneys' violation of the McDade Amendment and Rule 2-100 present

3    "substantial questions" on appeal.

4    Second, Carona will argue on appeal--as he has here--that the word

5    "withhold" in 18 U.S.C. § 1512(b)(2)(A) does not encompass efforts to persuade a

6    witness to give false testimony.[8]  The Court recently concluded that our argument

7    on this point represents too fine a parsing of the statutory language.  Doc. 621,

8    Minute Order at 8.  We intend to point out on appeal, however, that no case either

9    party found has applied § 1512(b)(2)(A) as it was applied here; that every other

10   reported case in which a defendant is alleged to have attempted to persuade a

11   witness to give false testimony involves charges under § 1512(b)(1); and that

12   several fundamental rules of statutory interpretation, including the rule of lenity, the

13   rule against construing one statutory provision in a way that renders all or part of

14   another provision superfluous, and the doctrine of constitutional avoidance, weigh

15   against the government's interpretation.

16   On this issue as well *Corley* is illuminating.  The government's reading of 18

17   U.S.C. § 3501(a) in that case rendered § 3501(c) superfluous.  In rejecting the

18   government's position, the Court declared:  "The Government's reading is thus at

19   odds with one of the most basic interpretive canons, that a statute should be

20   construed so that effect is given to all its provisions, so that no part will be

21   inoperative or superfluous, void or insignificant."  2009 U.S. LEXIS 2512, at *21

22   (internal quotations omitted).  The government's charging decision presents the

23   same issue here.  Its interpretation of the phrase "withhold testimony . . . from an

24   official proceeding" in § 1512(b)(2)(A) subsumes and renders superfluous the

25   phrase "influence . . . testimony . . . in an official proceeding" in § 1512(b)(1).  The

26   government has not offered a single example of  "influenc[ing]" testimony under

27   _____

     [8] For pleadings and orders concerning the scope of § 1512(b)(2)(A), see, *e.g.*,

28   Docs. 97, 98, 118, 159, 190, 194, 608, 609, 621.

MEMO ISO CARONA MOTION FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)

1   § 1512(b)(1) that does not *also* constitute "withhold[ing] testimony" under its

2   reading of § 1512(b)(2)(A).  Just as the Supreme Court found the

3   "antisuperfluousness canon" (2009 U.S. LEXIS 2512, at *27) a compelling reason

4   to read § 3501(a) against the government in *Corley*, we anticipate that the court of

5   appeals will find that canon a powerful reason to read § 1512(b)(2)(A) against the

6   government here--especially because § 1512(b)(2)(A), unlike § 3501(a), defines

7   criminal conduct and thus is subject to the rule of lenity.  At a minimum, the scope

8   of § 1512(b)(2)(A) presents a "fairly debatable" issue.

9        Third, Carona expects to present on appeal issues concerning the

10   government's conduct of the grand jury proceedings in this case.[9]  The Court

11   recently denied Carona's motion to dismiss the indictment for grand jury

12   misconduct.  Doc. 621, Minute Order at 3-7.  It reasoned that "[w]hile there may

13   have been some flaws in the government's presentation before the grand jury, the

14   Court cannot find that the government engaged in outrageous misconduct in this

15   case and declines to dismiss the Fourth Superseding Indictment."  *Id.* at 7.  Contrary

16   to the Court's decision, we intend to argue on appeal, under cases such as *United*

17   *States v. Samango*, 607 F.2d 884 (9th Cir. 1979), that the government's litany of

18   errors before the grand jury--detailed in our pleadings--warrants dismissal of Count

19   Six.  This question, like the proper remedy for the government's improper contact

20   with Carona on August 13 and the scope of 18 U.S.C. § 1512(b)(2)(A), presents (at

21   a minimum) a "fairly debatable" issue.

22                              **CONCLUSION**

23        The Court should release Carona pending appeal under 18 U.S.C. § 3143(b).

24   If the Court releases Carona as requested and he ultimately loses his appeal, he will

25   serve his sentence as directed, and the government will not have been prejudiced.

26   _____

27   [9] For pleadings and orders concerning the grand jury proceedings, see, *e.g.*,
     Docs. 82, 105, 108, 193, 254, 260, 262, 265, 302, 307, 330, 351, 428, 485, 509,

28   621.

- 8 -

1   If, on the other hand, the Court denies release and Carona prevails on appeal, as we

2   believe he will, he cannot recover the time he will have spent in prison.  Given the

3   substantial nature of the issues Carona will present and the absence of any risk of

4   flight or danger to the community, release pending appeal accords fully both with

5   § 3143(b) and with basic fairness.

6   Dated:  April 17, 2009                    Respectfully submitted,

7                                             JONES DAY

8

9                                             By:_____/s/_____

10                                                    Jeffrey M. Rawitz

11                                            Attorneys for Defendant
                                              MICHAEL S. CARONA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**DECLARATION OF COURTNEY CHAVEZ**

2

I, Courtney Chavez, declare:

3

1.    I am a lawyer duly admitted to practice law in California.  I am an

4

Associate at Jones Day, counsel of record for Michael S. Carona ("Mr. Carona") in

5

an action pending in the United States District Court for the Central District of

6

California, Southern Division, entitled *United States v. Michael S. Carona et. al.*,

7

Case No. SA CR 06-224(B) – AG.  I have personal knowledge of the facts set forth

8

in this Declaration, unless otherwise stated, and, if called as a witness, I could and

9

would testify competently to those facts.

10

2.    On April 10, 2009, counsel for Mr. Carona requested from the

11

government a copy of the February 25, 2009 letter from the Office of Professional

12

Responsibility.  Counsel for Mr. Carona renewed their request on April 16, 2009.

13

To date, no response has been received.

14

2.    Attached as Exhibit A hereto is a true and correct copy of the April 9,

15

2009 article by Frank Mickadeit in the Orange County Register, *Sen. Stevens Case*

16

*Has Carona Connection*.

17

Executed this 17 day of April 2009, in Los Angeles, California.

18

19

20

COURTNEY CHAVEZ

21

22

23

24

25

26

27

28

MEMO ISO CARONA MOTION FOR
RELEASE PENDING APPEAL
CASE NO. SA CR 06-224 (AG)