UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| Case No. | SACR 06-0224(D)-AG | Date | May 15, 2009 |
|---|---|---|---|

| Present: The Honorable | ANDREW J. GUILFORD, U.S. District Judge |
|---|---|

| Interpreter | none |
|---|---|

| Lisa Bredahl | Not Present | Brett Sagel/Kenneth Julian (n/p) |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 1. MICHAEL S. CARONA | Not | | X | 2. Brian Sun | Not | | X |
| | | | | Christina Coates | Not | | X |
| | | | | Jeff Rawitz | Not | | X |

**Proceedings:** [IN CHAMBERS] ORDER RE: DEFENDANT'S RELEASE STATUS

**1.    BACKGROUND**

After a long trial, the jury convicted Michael Carona ("Defendant") on Count 6 of a six count indictment, and he was sentenced to 66 months in prison and a fine of $125,000. Defendant now moves for release pending appeal, which is DENIED.

At present the Defendant remains released on bond, ordered to report for his prison term on July 24, 2009. His present release status follows Ninth Circuit law and reflects the conclusion unopposed by the Government that he is not likely to flee and does not pose a danger to safety. Almost all defendants with crimes like Defendant Carona are granted release status as they await their report dates for their incarcerations. The Court also understands that time is needed to determine the proper prison placement for the Defendant since he is the former county sheriff, and there are difficulties placing him and holding him in a county jail pending placement. The Court now considers whether the Defendant should remain on release status pending his appeal.

A presumption exists against release pending appeal. *See, e.g., United States v. Malquist*, 619 F. Supp. 875, 878 (D. Mon. 1985). The Ninth Circuit requires that a district court release a defendant pending appeal only if the court makes three findings. First, the court must find that the defendant is not likely to flee or pose a danger to safety if the court grants release. 18 U.S.C. § 3143(b)(1)(A). Second, the court must find that "the appeal is not for the purpose of delay." *Id.* § 3143(b)(1)(B). Third, the court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

must find that the appeal "raises a substantial question of law or fact likely to result in" reversal, a new trial, a "sentence that does not include a term of imprisonment," or "a reduced sentence to a term of imprisonment less than . . . the expected duration of the appeal process." *Id.* § 3143(b)(1)(B).

"A 'substantial question' is one that is 'fairly debatable' or 'fairly doubtful.'" (Motion of Michael S. Carona for Release Pending Appeal 3:6-7 (quoting *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)). Applying these tests is challenging as they involve words like "substantial" and "fairly" which have multiple meanings that could create varying standards. The Court would make the findings of this Order regardless of which meaning and standard apply.

The Government previously did not contest the conclusion that the Defendant is not likely to flee or pose a danger to safety, and the Court finds that, by clear and convincing evidence, this continues to be true. The Court also finds that the appeal is not for the purpose of delay. The Court therefore focuses on the third finding it must make, which requires a review of issues to be raised on appeal.

Many challenging issues have been presented in this case, with over 40 motions filed by the defense. But since Count 6 involves simple witness tampering with all the tampering occurring on tape, issues have been largely reduced. The Court finds that no issues on Count 6 meet the Ninth Circuit requirements for release pending appeal.

Defendant claims numerous issues on appeal meet the Ninth Circuit requirements for release pending appeal. They are issues relating to Rule 2-100 of the California Rules of Professional Conduct ("Rule 2-100"), interpreting the statute of conviction, and grand jury misconduct. The Court here briefly examines each of them. In doing so, the Court will not repeat what it has already stated, but rather supplements previous statements. The Court does not here address all aspects of Defendant's arguments, but finds that none of them meet the Ninth Circuit requirements.

## 2.     **RULE 2-100**

The Court previously agreed with the Defendant that there has been a violation of Rule 2-100, but also ruled that it did not justify exclusion of the resulting audiotapes. For reasons previously stated, the Court strongly believes that exclusion of evidence is not an appropriate remedy for the violation of Rule 2-100 in this case.

After this Court declined to exclude the evidence, the United States Supreme Court expressed its concerns about the exclusionary rule in a case limiting the exclusionary rule. In *United States v. Herring*, 129 S. Ct. 695, 701 (2009), the Court stated that the rule may only be applied where the benefits of deterrence outweigh the costs of excluding evidence, including the serious cost of "letting guilty and possibly dangerous defendants go free."

These concerns apply with great force in this case. Excluding these tapes, which would likely make it impossible to convict the Defendant for what he said on these tapes, would be very harmful to the justice system and the people's perception of the justice system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court finds that this issue does not meet the Ninth Circuit requirements for release pending appeal.

### 3. STATUTE OF CONVICTION

The jury fully considered the facts and the law. After its deliberations, the jury concluded that the Defendant should be found not guilty on five counts and guilty on one. The Court declined to parse language to take away the one count where the jury agreed that a guilty verdict was required, and the Court now finds that this issue does not meet the Ninth Circuit requirements for release pending appeal.

### 4. GRAND JURY ISSUE

The standard for reversing due to grand jury misconduct is extremely high. *See United States v. Russell*, 411 U.S. 423, 432 (1973) (quoting *Kinsella v. United States*, 361 U.S. 234, 246 (1960)) (to warrant dismissal of indictment on due process grounds, government conduct at issue must be "fundamentally unfair and shocking to the universal sense of justice"); *United States v. Ross*, 372 F.3d 1097, 1107 (9th Cir. 2004) (to warrant dismissal of indictment as exercise of court's supervisory powers, misconduct at issue must be both "flagrant" and substantially prejudicial to defendant). That standard has not been met in this case. Further, because Defendant has now been convicted of one count of witness tampering, any alleged grand jury errors are harmless. *See United States v. Mechanik*, 475 U.S. 66, 70 (1986) (even where an alleged error "had the theoretical potential to affect the grand jury's determination whether to indict," the petit jury's subsequent guilty verdict meant "not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt," rendering any alleged errors "harmless beyond a reasonable doubt").

The Court finds that this issue does not meet the Ninth Circuit requirements for release pending appeal.

### 5. SENTENCING ISSUES

This case presented complex sentencing issues. At oral argument, the defense acknowledged that any sentencing issue would likely not result in a sentence shorter than the expected duration of the appeal process, noting the Court's comments at sentencing. The Court agrees, finding that no sentencing issue on appeal would result in the Court determining a sentence shorter than the expected duration of the appeal process. Thus, the Court finds that these issues do not meet the Ninth Circuit requirements for release pending appeal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**6.    CONCLUSION**

The Defendant's motion for release pending appeal is DENIED.  The Court has acted promptly on this matter so that the Defendant may seek immediate review at the Ninth Circuit if he wishes.

|  | : | 0 |
|---|---|---|
| Initials of Deputy Clerk | lmb |  |