1 | Brian A. Sun (State Bar No. 089410)
basun@jonesday.com
2 | John D. Cline (State Bar No. 237759)
jcline@jonesday.com
3 | Christina D. Coates (State Bar No. 206062)
ccoates@jonesday.com
4 | Courtney R. Chavez (State Bar No. 251298)
crchavez@jonesday.com
5 | JONES DAY
555 South Flower Street
6 | Fiftieth Floor
Los Angeles, CA  90071-2300
7 | Telephone:   (213) 489-3939
Facsimile:    (213) 243-2539
8 |
Attorneys for Defendant
9 | MICHAEL S. CARONA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL S. CARONA,<br><br>　　　Defendants. | Case No. SA CR 06-224 (AG)<br><br>***EX PARTE* APPLICATION MODIFYING TO MODIFY CONDITIONS OF RELEASE TO ALLOW TRAVEL TO FLORIDA AND HAITI; DECLARATION OF COURTNEY CHAVEZ** |
|---|---|

# EX PARTE APPLICATION

In accordance with Local Rule 7-19 and 7-19.1, defendant Michael Carona brings this *Ex Parte* Application to modify his conditions of release to allow him to travel to Florida and Haiti to work with an organization called Project Medishare. Project Medishare is a non profit organization formed in 1995 and is connected to the University of Miami School of Medicine. The organization has been making regular relief trips to Haiti since the earthquake disaster, providing supplies and medical assistance. *See* Declaration of Courtney Chavez ("Chavez Decl.") at ¶ 2.

Project Medishare has been supported in its Haiti relief efforts in Haiti by Hank Asher, a close friend of Mr. Carona. *Id.* Mr. Asher contacted Mr. Carona seeking his volunteer efforts in participating in Project Medishare relief activities in Haiti. *Id.* Mr. Asher made this request based on Mr. Carona's extensive experience in emergency relief situations. *Id.* at ¶ 4. Mr. Carona maintained a position as the Emergency Management Coordinator for the County of Orange. *Id.* at ¶ 4. He is also the former member of the Emergency Services, Law Enforcement and Public Health and Hospitals Senior Advisory Committee to the President's Homeland Security Advisory Council and the Department of Homeland Security Emergency Response Senior Advisory Committee. *Id.* at ¶ 4. Mr. Carona would like to participate and donate his volunteer services to Project Medishare, and, as consequence, makes this application for bond modification.

Using Mr. Carona's expertise on emergency management, he would be placed on a team in charge of moving medical personnel and patients back and forth from the airport and hospital, transporting cargo to the Medishare hospital, inventorying supplies, ordering supplies, organizing flights and managing construction and installations of high-tech communications and equipment. *Id.* at ¶ 3.

1  If granted leave to travel, Mr. Carona would depart from Orange County,
2  California on Thursday, January 21, 2010, or as soon thereafter as possible, and
3  travel to Florida. Upon arriving in Florida, Mr. Carona will then fly to Haiti under
4  the auspices of Project Medishare. Mr. Carona requests the ability to travel to and
5  from Florida and Haiti for a two week period, returning to Orange County,
6  California on February 5, 2010. If it is determined that additional travel to Haiti is
7  necessary, Mr. Carona will file an additional *Ex Parte* Application before this Court
8  to make such a request. *Id.* at ¶ 5.

9  Mr. Carona is currently released on bond pending appeal. He has followed
10 all required conditions of his release. He is not a flight risk or a danger to the
11 community

12 Mr. Carona's counsel contacted Assistant United States Attorney Brett Sagel
13 on January 20, 2010 regarding this Application. Mr. Sagel indicated that the
14 government opposes the request as follows:

> Although the Government would encourage your client to assist in charitable efforts, including relief efforts in the wake of the earthquakes in Haiti, the Government would object to his travel to Miami and/or Haiti. The Government believes your client, if he is so inclined, could provide assistance to organizations here in the Central District of California.

19 *Id.* at ¶ 9.

20 Notwithstanding the government's position, Mr. Carona's experience and
21 background in emergency disaster situations would be best utilized on the ground in
22 Haiti. Mr. Carona has extensive experience in coordinating multi-agency disaster
23 relief efforts, including fires, floods, and earthquakes. Mr. Carona's expertise
24 cannot be fully utilized from the Central District due to the enormous obstacles in
25 delivering relief, as reported by the press, and difficulty in communicating between
26 the United States and Haiti. Additionally, the travel would be for a very short
27 period of time.

28 Mr. Carona's Pretrial Services Officer, Jill Stratton, was contacted on

January 20, 2010. Ms. Stratton indicated that Pretrial Services takes no position on the travel request and will defer to the discretion of the Court. Ms. Stratton indicated that should the Court grant the travel request, Mr. Carona will be asked to provide Pretrial Services with copies of all of his itineraries and where he will be residing while in Florida. In addition, Mr. Carona will call Pretrial Services prior to and upon his return from Haiti. *Id.* at ¶ 10.

Mr. Carona respectfully requests that the Court grant this *ex parte* application and allow him to travel to Florida and Haiti. In addition, Mr. Carona requests a return of his passport from Pretrial Services for purposes of travel to and from Haiti. *Id.* at ¶ 7. Upon returning to Orange County, Mr. Carona will again surrender his passport to Pretrial Services. *Id.* at ¶ 7. In all other respects, Mr. Carona's conditions of release will remain unchanged. *Id.* at ¶ 7.

Dated: January 20, 2010

Respectfully submitted,
JONES DAY

By: /s/
Brian A. Sun
Attorneys for Defendant
MICHAEL CARONA

# DECLARATION OF COURTNEY CHAVEZ

I, Courtney Chavez, declare:

1. I am an attorney admitted to practice in the State of California and before this Court. I am an associate with Jones Day, counsel of record herein for Defendant Michael Carona in the criminal prosecution entitled *United States v. Michael Carona*, Case No. SA CR 06-224(AG) and the appeal current on file in the Ninth Circuit Court of Appeals, Case No. 09-50235. I submit this Declaration in support of Mr. Carona's *ex parte* application to modify his conditions of release to permit Mr. Carona to travel to Florida and Haiti. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, I could and would testify competently to those facts.

2. I have been advised that Mr. Carona was contacted Hank Asher, a friend and volunteer for Project Medishare, regarding Mr. Carona's possible interest in providing volunteer services in Haiti. Project Medishare for Haiti is a non profit organization formed in 1995 and is connected to the University of Miami School of Medicine. The organization has been making regular relief trips to Haiti since the earthquake disaster, sending supplies and medical assistance. *See* Exhibit A – "About Us" portion of Project Medishare for Haiti's website.

3. Mr. Carona has been asked to volunteer his services on the ground in Haiti. He would be part of a team in charge of moving medical personnel and patients back and forth from the airport and hospital, transporting cargo to the Medishare hospital, inventorying supplies, ordering supplies, organizing flights and managing construction and installations of high-tech communications and equipment.

4. Mr. Carona was contacted for this relief effort based on his extensive background in emergency response situations. He worked for ten years as the Emergency Management Coordinator for the County of Orange. He is also the former member of the Emergency Services, Law Enforcement and Public Health

and Hospitals Senior Advisory Committee to the President's Homeland Security Advisory Council and the Department of Homeland Security Emergency Response Senior Advisory Committee.

5. Mr. Carona makes this request to travel to Florida and then Haiti in order to use his expertise to help the relief efforts in Haiti. If allowed, Mr. Carona would travel to Florida on Thursday, January 21, 2010, or as soon thereafter as can be arranged. Upon arriving in Florida, Mr. Carona will board a plane to Haiti. The relief trips are scheduled to remain in Haiti for several days. The relief teams then return to Florida and restock with supplies and medical personnel. Mr. Carona will return to Orange County, California on or before February 5, 2010. Should the need arise to extend his time in Florida and Haiti, Mr. Carona will re-petition the Court with the request.

6. Mr. Carona requests that this Court grant him leave to travel to and from Florida and Haiti for a period of two weeks. Should a need arise that Mr. Carona will need to return to Haiti for longer than two weeks, Mr. Carona will petition the Court again for an additional travel request.

7. Mr. Carona also requests that this Court grant him the return of his passport for purposes of travel to and from Haiti only. Upon his return to Orange County, Mr. Carona will again surrender his passport to Pretrial Services. In all other respects, Mr. Carona's conditions of release will remain unchanged

8. Both parties have agreed previously that Mr. Carona is not a flight risk or a danger to the community. He has followed all conditions imposed on him during his release pending appeal.

9. I contacted Assistant United States Attorney Brett Sagel on January 20, 2010 regarding the government's position to this Application. Mr. Sagel indicated that the government opposes the request as follows:

> Although the Government would encourage your client to assist in charitable efforts, including relief efforts in the wake of the earthquakes in Haiti, the Government would

object to his travel to Miami and/or Haiti. The Government believes your client, if he is so inclined, could provide assistance to organizations here in the Central District of California.

10. I contacted Jill Stratton, Mr. Carona's Pretrial Services Officer, on January 20, 2010. Ms. Stratton indicated that Pretrial Services takes no position on the travel request and will defer to the discretion of the Court. Ms. Stratton indicated that should the Court grant the travel request, Mr. Carona will be asked to provide Pretrial Services with copies of all of his itineraries and where he will be residing while in Florida. In light of the above, it is respectfully requested that the Court authorize this travel.

I declare under the penalties of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed at Los Angeles, California on January 20, 2010.

_____
COURTNEY CHAVEZ